**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE

235 N. WASHINGTON AVE., P.O. BOX 856

SCRANTON, PA 18501-0856

EDWIN M. KOSIK
JUDGE

TEL. (570) 207-5730
FAX (570) 207-5739

January 24, 2011

TO: ALL COUNSEL OF RECORD

RE: Dreisbach v. APP Pharmaceuticals, LLC, et al., NO. 3:10-CV-00419

Dear Counsel:

In response to your letters of January 21st, I want to explain my reasoning in advance of our telephone status conference on January 5th.

Based on your joint case management plan paragraph 4.0 you noted some discovery was in progress since the middle of 2010. At our telephone conference of January 5th, I do not recall any problems with the initiated discovery, leading to our view that some merit discovery continue. Nor do I recall some abrupt termination of the conference precluding an "opportunity to object to the expansion of the scope of discovery beyond product identification...".

Your joint plan was extensive with projected phases of discovery, some of which ended in 2010. It appeared that Baxter was a problem at the time of our conference. Now, there appears some question about service on Baxter.

This is the kind of case that requires deference to the judgment of counsel. My only intervention is required to determine if serious progress is being made. For example, after the product identification phase, which I noted to be Phase II, we may have amendments or dispositive motions as to parties.

I will defer to the position that all additional discovery be delayed during the product identification phase and discovery related to that phase. This may be further complicated by the continuing status of Baxter.

I need to rely on counsel to keep me posted on the product identification phase.

EMK/jc